IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> 10 S. Howard Street, 3rd Floor <br> Baltimore, MD 21201 <br><br> Plaintiff, <br><br> v. <br><br> EARTHDATA INTERNATIONAL, INC., <br> 7320 Executive Way <br> Frederick, MD 21704 <br><br> Defendant. | Civil Action No. <br><br> COMPLAINT <br><br> JURY TRIAL DEMAND |

CCB06CV2173

## NATURE OF THE ACTION

The U.S. Equal Employment Opportunity Commission ("Plaintiff," "the EEOC," or "the Commission") brings this action under the Equal Pay Act of 1963 ("the EPA"), Section 15(a)(3) of the Fair Labor Standards Act ("the FLSA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices committed by EarthData International Inc., formerly known as EarthData Holdings, Inc. ("Defendant" or "Earthdata"), and to provide relief to Irma Grimm, Defendant's former Group Human Resources Director. As alleged with greater specificity below, Plaintiff alleges that Defendant has engaged in sex discrimination by paying Ms. Grimm lower wages than her male successor.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 17 of the FLSA, as amended, 29 U.S.C. § 217, to enforce the requirements of the EPA; Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3.  Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of, *inter alia*, the EPA and Title VII.

4.  At all relevant times, Defendant has continuously been a Maryland corporation doing business in the State of Maryland and the City of Frederick, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.  At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.   At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) or has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r), (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF TITLE VII CLAIMS AGAINST DEFENDANT

8.   More than thirty days prior to the institution of this lawsuit, Irma Grimm filed a charge with the Commission alleging violations of Title VII and the EPA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.   Since at least December 27, 2003, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These practices include paying Irma Grimm lower compensation than that paid to her male successor who performed substantially equal work.

10.   The effect of the practices complained of in paragraph 9, above, has been to deprive Ms. Grimm of equal employment opportunities and otherwise adversely affect her employee status because of her gender.

11.   The unlawful employment practices complained of in paragraph 9, above, were intentional.

12.   The unlawful employment practices complained of in paragraph 9, above, were done with malice or reckless indifference to the federally protected rights of Ms. Grimm.

## STATEMENT OF EPA CLAIM AGAINST DEFENDANT

13.  Since at least August 21, 2003, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying lower wages to Irma Grimm than those paid to her male successor in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

14.  As a result of the acts complained of above, Defendant unlawfully has withheld and is continuing to withhold the payment of wages due to Irma Grimm.

15.  The unlawful employment practices complained above in paragraph 13 were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant EarthData, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices regarding pay and promotions that discriminate on the basis of gender in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a), and Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2).

B.  Order Defendant EarthData to institute and carry out policies, practices and programs which provide equal employment opportunities for female employees with regard to pay and promotions and which eradicate the effects of Defendant's past and present unlawful employment practices.

C. Order Defendant EarthData to make whole Irma Grimm by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and by providing her any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant EarthData to pay Irma Grimm punitive damages for its malicious and reckless conduct described in paragraph 9 above, in amounts to be determined at trial.

E. Order Defendant EarthData to make whole Irma Grimm by providing compensation for pecuniary losses.

F. Order Defendant EarthData to make whole Irma Grimm by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, embarrassment, and humiliation, in amounts to be proven at trial.

G. Grant a judgment under the EPA requiring Defendant EarthData to pay appropriate back wages in amounts to be determined at trial, and an equal sum as liquidated damages or prejudgment interest in lieu thereof, to Irma Grimm, whose wages are being unlawfully withheld as a result of the acts complained of above.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in the Complaint.

        Respectfully submitted,

        RONALD S. COOPER
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        JACQUELINE MCNAIR
        Regional Attorney

        DEBRA M. LAWRENCE
        Supervisory Trial Attorney

        MARIA SALACUSE
        Senior Trial Attorney
        Federal Bar No. 15562

        UNITED STATES EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Baltimore Field Office
        10 S. Howard Street
        3rd Floor
        Baltimore, Maryland  21201
        Phone:  (410) 962-4341
        Fax: (410) 962-4270